# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| CASSANDRA AXSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:16-cv-00322-RL-SLC |
| MICHAEL REYNOLDS, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On January 30, 2017, this Court held a preliminary pretrial conference in this case filed by pro se Plaintiff Cassandra Axson. (DE 39). At the conference, Axson stated that she had filed a request for the appointment of counsel back in November. Although the Court had not interpreted any of Axson's various filings as a request for the appointment of counsel, the Court nonetheless will address her request.

For the following reasons, Axson's request for court-appointed counsel will be DENIED.

### A. *Legal Standard*

"There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). But under 28 U.S.C. § 1915(e)(1), a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Olson*, 750 F.3d at 711; *Pruitt,* 503 F.3d at 658.

"In deciding whether to request counsel, district courts must ask two questions: '(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear

competent to litigate it [her]self?'" *Olson*, 750 F.3d at 711 (alteration in original) (quoting *Pruitt,* 503 F.3d at 654). The second portion of this inquiry, stated another way, is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury [her]self." *Id.* at 712 (quoting *Pruitt*, 503 F.3d at 655). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate [her] own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id.*

## *B. Analysis*

To begin, there is no evidence that Axson has contacted any attorneys concerning her case. Therefore, she fails to satisfy the threshold requirement concerning a request for recruitment of counsel. *See Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010).

But even if she had satisfied this threshold requirement, it is evident that Axson is competent to represent herself in this matter, at least at this stage of the proceedings. At the status hearing on December 1, 2016 (DE 30), Axson stated that she was suing Defendants, who

are employees of the Social Security Administration, for negligently handling and terminating her Social Security disability benefits.

Axson has already articulated her claims in this suit and participated in a status hearing (DE 30) and a Rule 16 preliminary pretrial conference (DE 39). She has also filed a host of motions seeking various types of relief. (DE 11; DE 22-DE 25; DE 27-DE 32; DE 40). It is evident from Axson's filings and her participation in the preliminary pretrial conference that she is assertive and possesses adequate communication skills, certainly at a sufficient level to proceed pro se. *Cf. Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and indigent prisoner with a tenth-grade education and no legal experience" in a case involving complicated medical matters); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected plaintiff's low IQ, functional illiteracy, and poor education). At the initial status conference, Axson was able to adequately articulate the events leading up to her filing this case, the claims that she is advancing, and the relief that she seeks.

Although Axson claims that her disability benefits were wrongfully terminated, she does not suggest, nor is it apparent, that any disability would impair her ability to prosecute this case pro se. Furthermore, Axson is not incarcerated and thus has the freedom and ability to perform her own research; Axson states that she does so at the public library. Furthermore, Axons has, in fact, already performed legal research, as her filings include legal citations (DE 11; DE 22; DE 23; DE 28; DE 29; DE 31; DE 40), and she discussed various legal citations at the status conference and the preliminary pretrial hearing.

Considering the foregoing, Axson appears competent to adequately handle the litigation

of this case, at least at this stage of the proceedings. Therefore, to the extent that Axson has filed a motion asking that the Court appoint counsel for her, it will be denied. If her case survives the filing of dispositive motions, and she shows that she has contacted at least three attorneys concerning her case, the Court will reconsider recruiting counsel for her upon her further motion. *See Mungiovi v. Chi. Hous. Auth.*, No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19, 1994) ("[The] court's general practice is to consider appointment of counsel if and when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing." (citation omitted)).

## *C. Conclusion*

For the foregoing reasons, to the extent that Axson has filed a motion asking that the Court appoint counsel to represent her, her request for the appointment of counsel is DENIED. Axson is free, of course, to attempt to secure counsel on her own.

SO ORDERED.

Entered this 3rd day of February 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge