# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | |
|---|---|
| CASSANDRA AXSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:16-cv-322 |
| | ) |
| MICHAEL REYNOLDS and | ) |
| VIRGIL GONZOLES, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment, filed by the United States of America, on October 21, 2016 (DE #17).  For the reasons set forth below, the motion (DE #17) is **GRANTED**.  This case is **DISMISSED WITHOUT PREJUDICE** for lack of derivative jurisdiction.  The remaining pending motions (DE ## 22, 23, 27, 29, 31, 34, and 40), are **DENIED AS MOOT**.

## BACKGROUND

Pro se plaintiff, Cassandra Axson, originally filed this case in the Allen Superior Court Small Claims Division.  On September 1, 2016, Defendants Reynolds and Gonzalez filed a notice of removal pursuant to 28 U.S.C. § 1442.  (DE #1.)  On October 5, 2016, the United States filed notices of substitution as to Michael Reynolds (who was employed by the Social Security Administration ("SSA")), and Virgen Gonzalez (whose name is misspelled in the caption, and

who was also employed by the SSA).  Axson alleges that she was damaged as a result of their negligence during actions taken within the scope of their employment.  (DE ##12, 13.)

Axson's claims are difficult to decipher, but they seem to stem from an interaction with Gonzalez and Reynolds at the Fort Wayne SSA Field Office regarding the denial of her federal benefits for a period of time.  Gonzalez was the District Manager of the Fort Wayne SSA Field Office during July 2012.  Reynolds is now retired, but was the District Manager of the Fort Wayne SSA Field Office.  A search showed that no final decision from the Commissioner of the SSA was ever issued to Axson regarding her benefits, and that Axson has not filed an administrative claim with the SSA under the Federal Tort Claims Act ("FTCA").  (Gonzalez Dec. ¶ 2; Dell'aglio Dec. ¶ 5.)

On October 21, 2016, the United States filed a motion for summary judgment, arguing the case should be dismissed for a number or reasons, including that the Allen Superior Court Small Claims Division lacked subject matter jurisdiction over any claims for money damages arising out of the alleged negligence of federal employees; therefore, this Court did not acquire derivative jurisdiction from the state court. (DE ##17, 18.) In accordance with *Timms v. Frank,* 953 F.2d 281, 285 (7th Cir. 1992), the United States properly gave pro se Plaintiff notice of the motion for summary judgment and cited the rules detailing the requirements for

her response.  (DE #19.)  To date, Axson has not filed a response to the motion for summary judgment.

Axson has, however, filed a whole slew of other motions including, *inter alia*, an amended motion to remand (DE #22); an amended motion for the judge to intervene (DE #23); a motion to dismiss on the grounds of perjury (DE #27); a motion to prevent the attorney to argue that a state statute conflicts with a federal statute (DE #31); and a motion for leave to proceed in forma pauperis (DE #40).

This Court must first determine if it possesses jurisdiction over this matter.  If it does not, the Court does not have the authority to rule on these motions, and the case must be dismissed without prejudice.


**DISCUSSION**

This Court must first consider the threshold jurisdiction issue.  "Jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction.  Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquired none, although in a like suit originally brought in a federal court it would have had jurisdiction."  *Abu-Humos v. First Merit Bank*, No. 15-cv-6961, 2015 WL 7710374, at *1 (N.D. Ill. Nov. 30, 2015) (quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939)).

Axson's complaint is difficult to decipher, yet it seems that she is contesting the suspension of her SSDI benefits and complaining that the federal SSA employees were negligent and failed to properly do their jobs. In her motion to remand, Axson refers to Indiana Code § 34-13-3-5 in support of the proposition that she can sue in state court an employee of a governmental entity if their employee was not acting within the scope of their employment. (DE #33.) Yet section § 34-13-3-5 is a statute under the Indiana Tort Claims Act, which is applicable only to state governmental entities of the State of Indiana and its employees. I.C. § 34-6-2-49; *see also Baker v. Schafer*, 922 F.Supp. 171 (S.D. Ind. 1996).

Defendants Reynolds and Gonzalez have been certified under the FTCA as acting within their scope of employment; therefore, Axson's claim of negligence is really against the United States and the exclusive remedy for tort claims against the United States for money damages is the FTCA. *Feres v. United States*, 340 U.S. 135, 140 (1950); 28 U.S.C. §§ 1346(b), and 2679(a)-(b)(1); *see also Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012) (stating "the FTCA is a limited waiver of the Untied States' sovereign immunity" and it "is the exclusive remedy for any tort claim resulting from the negligence of a government employee acting within the scope of employment").

However, an FTCA claim must be initiated in federal court.

*See Alinsky v. United States*, 415 F.3d 639, 643 (7th Cir. 2005) (stating the "FTCA grants federal courts jurisdiction over" damages claims against the United States for negligence by a government employee); *Midwest Knitting Mills, Inc. v. United States*, 950 F.2d 1295, 1297 (7th Cir. 1991); *Abu-Humos*, 2015 WL 7710374, at *1 (holding "while common law torts are cognizable under the FTCA, state courts lack jurisdiction over such claims.").[1]

Because exclusive jurisdiction under the FTCA was only in federal court, the Allen Superior Court Small Claims Division lacked subject matter jurisdiction over any claims for money damages arising out of the alleged negligence of the federal employees. Furthermore, the state court lacked jurisdiction to hear the claims of negligence, and upon removal, this Court acquired no derivative jurisdiction from the state court. *See Rodas v. Seidlin*, 656 F.3d 610, 615-16 (7th Cir. 2011); *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994); *Fedorova v. Wells Fargo and Co.,* No. 16 C 1810, 2016 WL 2937447, at *2 (N.D. Ill. May 20, 2016); *Abu-Humos*, 2015 WL 7710274, at *1-2. *Rodas* recognized a limited exception for the derivative jurisdiction rule for removals under section 1442 where a motion to dismiss is made after removal, but only where the case has already been decided on the merits. *Rodas*, 656 F.3d at 619-25. Here, the

---

[1] There also is no indication that Axson complied with the administrative exhaustion requirements before seeking to bring a FTCA claim. *See Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013).

case has not been decided on the merits, and dismissal without prejudice is the proper result. *See Abu-Humos*, 2015 WL 7710374, at n.1 ("dismissal is strongly indicated when the issue is raised before any substantive matters have been addressed.").

Finally, as this dismissal is without prejudice to Axson filing another complaint with a court with proper original jurisdiction, Axson is cautioned that any subsequent complaint should state a valid cause of action against each defendant, satisfy any exhaustion requirements, comply with Federal Rule of Civil Procedure Rule 8 in stating a short and plain statement for relief, and have proper service.

**CONCLUSION**

For the reasons set forth above, the motion for summary judgment (DE #17) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** for lack of derivative jurisdiction. The remaining pending motions (DE ## 22, 23, 27, 29, 31, 34, and 40), are **DENIED AS MOOT**.

DATED: February 7, 2017        /s/RUDY LOZANO, Judge
                                 United States District Court